# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA RUEDA, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 18 C 4586 |
| v. | ) ) | Judge Ronald A. Guzmán |
| FORSTER & GARBUS, LLP, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons explained below, defendant's motion to dismiss the complaint is granted.

## BACKGROUND

This is a putative class action against a law firm that acts as a debt collector, Forster & Garbus, LLP ("Forster"), for violation of the Fair Debt Collection Practices Act (the "FDCPA"). Plaintiff, Melissa Rueda, alleges that in July 2017, Forster mailed her a collection letter regarding a debt she had incurred on a Target credit card. (ECF No. 1, Compl. ¶¶ 9, 12.) In pertinent part, the letter stated in boldface: "At this time we are only acting as a debt collector. Attorneys may act as debt collectors. Our firm will not commence a suit against you. However, if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due." (*Id.* ¶ 15.) According to the letter, says plaintiff, Forster is "not licensed to practice law in the state of Illinois, meaning that Forster cannot sue Plaintiff." (*Id.* ¶ 16.) Plaintiff alleges that Forster's statement violates § 1692e of the FDPCA for two reasons: (1) it "states that Forster has *chosen* not to sue ('will not commence a suit') instead of the true fact that it *cannot* sue as a matter of law," and is thus materially deceptive; and (2) it threatens legal action against plaintiff that could

not be taken, considering that Forster is not licensed to practice law in Illinois, cannot initiate a suit against plaintiff, and is "not authorized to make legal threats on behalf of companies in Illinois." (*Id.* ¶¶ 17-21, 24-27.)

Forster moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## LEGAL STANDARDS

When evaluating the sufficiency of a complaint on a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). It "does not need detailed factual allegations" but must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The FDCPA "broadly prohibits the use of any 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting 15 U.S.C. § 1692e). Along with this general prohibition, the statute lists specific examples of prohibited conduct, the following of which are relevant here: "[t]he false representation of . . . the character, amount, or legal status of any debt"; "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken"; and "[t]he use of any

2

false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (5), (10). "Even if a statement in a dunning letter is false in some technical sense, it does not violate § 1692e unless it would confuse or mislead an unsophisticated consumer," who is "uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Boucher*, 880 F.3d at 366 (citations and internal punctuation omitted). While an unsophisticated consumer might tend to read collection letters literally, he or she does not interpret them in a bizarre or idiosyncratic fashion, and is not a "dimwit." *Id.*; *see also White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (the FDCPA "protects the unsophisticated debtor, but not the irrational one"); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (the unsophisticated-consumer standard has an objective element of reasonableness that shields complying debt collectors from liability for "unrealistic or peculiar" interpretations of collection letters).

To state a claim under § 1692e, Rueda must plausibly allege that Forster's collection letter would materially mislead or confuse an unsophisticated consumer. *Boucher*, 880 F.3d at 366. Because this inquiry is generally a "fact-bound determination of how an unsophisticated consumer would perceive the statement," dismissal is appropriate only in "cases involving statements that plainly, on their face, are not misleading or deceptive." *Id.* (citation and internal quotation marks omitted); *see also Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) (dismissal of an FDCPA claim is appropriate as a matter of law when it is "apparent from a reading of the [collection] letter that not even a significant fraction of the population would be misled by it").

Forster contends that its letter contained a truthful statement that accurately advised Rueda about the nature of Forster's involvement in the collection process, and that Rueda's interpretation of the cited language is "idiosyncratic and irrational." (ECF No. 8, Def.'s Mot. Dismiss at 5.) The Court first considers whether the language "[o]ur firm will not commence a suit against you" can be reasonably interpreted as stating that Forster "has chosen not to sue" and therefore falsely implies that Forster is permitted to sue plaintiff and might change its mind. Plaintiff contends in the complaint that "[d]efendant's misrepresentation that it had chosen not to initiate a suit, when in fact it could not initiate a suit, could cause Plaintiff, and the unsophisticated consumer, to believe that she was required to pay the debt in full to avoid future legal action by Defendant." (Compl. ¶ 23.) Perhaps because this argument makes little sense, plaintiff does not attempt to elaborate on it in her response to defendant's motion. Plaintiff's interpretation of the language "[o]ur firm will not commence a suit against you" is idiosyncratic. The language is a negative promise that Forster will refrain from taking legal action; it is simply not reasonably construed as a comment on any reason behind the promise or an implication of choice. On its face, Forster's promise that it would not sue plaintiff would not lead even an unsophisticated consumer to believe the opposite—that Forster was threatening legal action.

Next, the Court considers whether the language "if we are not able to resolve this account with you, our client may consider additional remedies to recover the balance due" can be reasonably interpreted as an implication that Forster was "threaten[ing] to take legal action against Plaintiff that could not be taken," that is, that Forster would sue plaintiff. (Compl. ¶¶ 24-27, 36.) Plaintiff contends that the mention of "additional remedies" is a "clear threat that Defendant Forster is planning to take action against Plaintiff beyond the collection methods already employed." (ECF No. 16, Pl.'s Resp. at 6.) The Court disagrees. Plaintiff's interpretation of this statement is also

idiosyncratic, particularly considering that it follows the statement that Forster would not commence a suit against plaintiff. The sentence concerning Forster's client, read in its context of Forster's promise not to sue, contrasts Forster with its client, and states that *the client* may consider additional remedies to collect the debt. Plaintiff's theory is that the statement deceptively suggests that *Forster* may sue plaintiff, but that is not a reasonable reading when the entire statement explicitly states the contrary. This is true regardless of the fact that Forster identified itself as a law firm. *See, e.g., Aker v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 12 C 3633, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) (there was no reason to believe that an unsophisticated consumer would assume, contrary to the plain language of the collection notice, that defendant was doing something other than acting as a debt collector just because it was organized as a law firm).

Therefore, the Court will dismiss the complaint for failure to state a claim. Forster seeks a dismissal with prejudice, but plaintiff asks the Court for leave to amend her complaint in the event of dismissal. Under Federal Rule of Civil Procedure 15, such leave is granted, provided that plaintiff can amend consistent with this ruling and the dictates of Federal Rule of Civil Procedure 11.

## CONCLUSION

Defendant's motion to dismiss the complaint [8] is granted. The complaint is dismissed without prejudice, and plaintiff is given leave to file an amended complaint by October 23, 2018.

**DATE**: October 3, 2018

**Ronald A. Guzmán**
**United States District Judge**

5